IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                                                     No. CR 23-1833 JB

CAMILE DAMON, RONALD BELONE,
and TYRAN BEGAY,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant [Tyran Begay]'s Objection to Presentence Report, filed February 20, 2025 (Doc. 116)("Objections"). The primary issues are: (i) whether the Presentence Investigation Report, filed January 7, 2025 (Doc. 109)("PSR"), as to Defendant Tyran Begay, correctly applies a 2-level enhancement for obstruction of justice under U.S.S.G. § 3C1.1, because Begay and his co-Defendants moved the murder victim's body one hundred yards from the truck in which they killed him; and (ii) whether the PSR correctly assigns 2 criminal-history points under U.S.S.G § 4A1.1(b) to Begay's battery conviction, when the conviction is a deferred sentence, and Begay serves 116 days of that sentence. The Court concludes that: (i) moving the victim's body warrants the obstruction enhancement, because there is no other reason to drag a dead body one hundred yards from the murder scene besides concealment; and (ii) the PSR properly assigns 2 points to the battery conviction, because Begay serves more than sixty days in prison as part of his deferred sentence.

## ANALYSIS

First, U.S.S.G. § 3C1.1 covers Begay's conduct here -- moving the body. U.S.S.G. § 3C1.1 states:

        If (1) the defendant willfully obstructed or impeded, or attempted to

>obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction, and (2) the obstructive conduct related to (A) the defendant's offense of conviction and any relevant conduct; or (B) a closely related offense, increase the offense level by 2 levels.

U.S.S.G. § 3C1.1. When Begay dragged the victim's body from the trunk to a tree one hundred yards away, see PSR ¶ 17, at 5, the murder investigation had not yet commenced, as the victim was reported missing several days after the murder, see PSR ¶ 10, at 3. Accordingly, Application Note 1 to U.S.S.G. § 3C1.1 provides the relevant test: "Obstructive conduct that occurred prior to the start of the investigation of the instant offense of conviction may be covered by this guideline if the conduct was purposefully calculated, and likely, to thwart the investigation or prosecution of the offense of conviction." U.S.S.G. § 3C1.1 Application Note 1.

The most plausible inference is that Begay drags his victim's body far away from the truck to conceal it. Concealing a dead body "is likely to thwart" the ensuing murder investigation. U.S.S.G. § 3C1.1 Application Note 1. The fight, therefore, is about the inferences the parties draw from the fact that Begay moved the body. Begay argues, in conclusory fashion, that Begay did not move the body to conceal it. See Objections at 3. His alternative explanation is a non-sequitur: "Rather, the defendant and his co-defendants intended to take the victim's truck after he was mortally wounded and use it to return home." Objections at 3. Begay does not explain how the Defendants' desire to drive away in the truck undermines the inference that they moved the body to conceal it from police. Begay moved his unconscious, if not dead, see PSR ¶ 13, at 4, victim one hundred yards away from the truck in which Begay beat him and strangled him. This distance is significant. Dragging a body in winter that distance takes considerable effort and, in this case, required a group effort. The motivation behind that effort is easier to explain as a desire to hide the body than any other motivation. Begay wanted to make the body harder to find, and he succeeded. It took a week after police found the truck for them to find the body. See PSR ¶ 10, at

3. Accordingly, the Court concludes, by a preponderance of the evidence, that the § 3C1.1 enhancement applies, because, when Begay dragged the body away from the truck, his "conduct was purposefully calculated, and likely, to thwart the investigation or prosecution of the offense of conviction." U.S.S.G. § 3C1.1 Application Note 1.

Second, the PSR properly assigns Begay's battery conviction 2 criminal history points. The PSR describes that, on November 27, 2018, Begay pled no contest to battery of a household member. See PSR ¶ 42, at 10. He received a 364-day "deferred" sentence "with 248 days suspended." PSR ¶ 42, at 10; Judgment & Sentence at 1, No. M-47-VM-2018-00043 (dated November 27, 2018)(State of New Mexico, County of San Juan). U.S.S.G. § 4A1.1 governs the points that comprise a defendant's criminal history category. Section 4A1.1(b) adds "two points for each prior sentence of imprisonment of at least sixty days." U.S.S.G. § 4A1.1(b). Begay contends that deferred sentences and suspended sentences "do not count for Sections A or B of 4A1.1." Objections at 4. Begay also quotes, however, U.S.S.G. § 4A1.2(b)(2), which states: "If part of a sentence of imprisonment was suspended, 'sentence of imprisonment' refers only to the portion that was not suspended." U.S.S.G. § 4A1.2(b)(2). Begay also concedes that his deferred sentence "included a period of incarceration." Objections at 5.

Section 4A1.2(b)(2) provides that when Begay serves 116 days as part of his deferred sentence -- the difference between his total sentence, 364, and the suspended portion of the total sentence, 248 -- the 116 days results in 2 criminal history points. Begay's sentence is not totally suspended such that he does not serve any prison time or serves less than sixty days in prison. If that were the case, he would receive only 1 criminal-history point under U.S.S.G. § 4A1.1(c), the catchall provision for sentences not counted under § 4A1.1(a) -- sentences exceeding one year and one month -- and § 4A1.1(b) -- sentences of at least sixty days. See U.S.S.G. § 4A.1.1(a)-(c). Begay does not dispute that he served a custodial sentence as part of his deferred sentence. See

Objections at 5.  So, the PSR properly attributes 2 criminal-history points to the 116 days he spent in custody.

The United States Court of Appeals for the Tenth Circuit reaches a similar conclusion in United States v. Minton, 407 Fed. App'x 336 (10th Cir. 2011)("Minton").[1]  In Minton, the defendant contends that he should receive 1, not 2, criminal history points for his suspended State court conviction.  See Minton, 407 Fed. App'x at 338.  The State conviction results from the defendant's no contest plea to a felony; before the defendant enters the plea, however, he spends 229 days in presentence confinement.  See Minton, 407 Fed. App'x at 337.  The State court sentences the defendant to an indeterminate sentence of three to five years.  See Minton, 407 Fed. App'x at 338.  Importantly, the State court suspends the sentence and states that the defendant "shall receive credit for presentence confinement."  Minton, 407 Fed. App'x at 338.  The Tenth Circuit concludes that the defendant correctly receives 2 criminal history points for this State sentence.  It reasons that the State court "explicitly took the period of pre-sentence confinement into account in fashioning" the sentence, because the State court gives the defendant credit for time served.  Minton, 407 Fed. App'x at 339.  Accordingly, the Tenth Circuit holds that the defendant's

---

[1]United States v. Minton, 407 Fed. App'x 336 (10th Cir. 2011), is an unpublished opinion, but the Court can rely on an unpublished opinion to the extent its reasoned analysis is persuasive in the case before it.  See 10th Cir. R. 32.1(A) ("Unpublished decisions are not precedential, but may be cited for their persuasive value.").  The Tenth Circuit states:

> In this circuit, unpublished orders are not binding precedent, . . . And we have generally determined that citation to unpublished opinions is not favored. However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005).  The Court concludes that United States v. Minton has persuasive value with respect to a material issue, and will assist the Court in its disposition of this Memorandum Opinion and Order.

"pre-sentence confinement was part of the" punishment the State court imposed, and the pre-sentence confinement, therefore, "qualifies as a 'prior sentence of imprisonment' under the Guidelines." Minton, 407 Fed. App'x at 339.

Minton's reasoning applies here.  The State court suspends 248 days of Begay's sentence and recognizes that Begay receives "110 days of credit for time served . . . leaving 6 days to serve." Judgment & Sentence at 1, No. M-47-VM-2018-00043 (dated November 27, 2018)(State of New Mexico, County of San Juan).  Similar to the State court's sentence in Minton, the State court that sentenced Begay includes his pre-sentence confinement as "part of the" punishment it imposes. Minton, 407 Fed. App'x at  339.  Consequently, under Minton, the PSR correctly applies § 4A1.1(b) to Begay's 2018 conviction.  See United States v. Fernandez, 742 F.3d 453, 457 (5th Cir. 2014)(Garza, J.)(adopting Minton's reasoning and holding that, "because a time-served 'credit' noted in a prior sentencing order cannot be suspended, the period credited serves as the measure for assessing criminal history points in accordance with § 4A1.2(b)(2) . . . when the prior sentence is otherwise suspended").

**IT IS ORDERED** that: (i) Defendant [Tyran Begay]'s Objection to Presentence Report, filed February 20, 2025 (Doc. 116), is overruled; (ii) Begay's offense level is 39; (iii) Begay's criminal history category is VI; and (iv) the applicable Guidelines range is 360 months to life.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Alex M. M. Uballez
    United States Attorney
Mark A. Probasco
Margaret P. Tomlinson
    Assistant United States Attorneys
United States Attorney's Office
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

Devon Fooks
Gene Allen Franco
    Assistant Federal Public Defenders
Albuquerque, New Mexico

    *Attorneys for Defendant Camille Damon*

Justine Fox-Young
Justine Fox-Young, P.C.
Albuquerque, New Mexico

--and--

Robert J. Gorence
Gorence & Oliveros P.C.
Albuquerque, New Mexico

    *Attorneys for Defendant Ronald Belone*

Ryan J. Villa
The Law Office of Ryan J. Villa
Albuquerque, New Mexico

    *Attorneys for Defendant Tyran Begay*